IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IN RE: SANTA FE NATURAL TOBACCO
COMPANY MARKETING & SALES          **CASE MANAGEMENT ORDER NO. 1**
PRACTICES AND PRODUCTS LIABILITY
LITIGATION                                          Lead Case No. MD 16-2695 JB/LF

*This Order Relates to All Cases*

## ORDER SETTING INITIAL CONFERENCE

**THIS MATTER** comes before the Court for scheduling, case management, discovery and both non-dispositive and dispositive motions for the civil actions listed on Attachment A hereto, which were transferred to this Court by the Transfer Order by the United States Judicial Panel on Multidistrict Litigation, filed April 11, 2016 (JPML Doc. 50) and the Conditional Transfer Order (CTO-1) by the United States Judicial Panel on Multidistrict Litigation, filed April 20, 2016 (JPML Doc. 53). The Federal Rules of Civil Procedure, as amended, and the Local Rules of the Court, apply to this litigation. It appearing that this case may merit special attention as complex litigation, the Court orders:

1. **INITIAL CONFERENCE.** All parties shall appear for an Initial Conference on **May 24, 2016 at 10:00 a.m.** at the Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, "*Vermejo*" Courtroom, 4th Floor, Albuquerque, New Mexico.

   *(a) Attendance.* To minimize costs and facilitate a manageable conference, parties with similar interests may, to the extent practicable, agree to have an attending attorney represent their interests at the conference. A party will not, by so designating an attorney to represent his/her interests at the conference, be precluded from other representation during the litigation. Attendance at the conference will not waive

objections to jurisdiction, venue, or service.

*(b)  Service List.* This order is being served to the persons listed as counsel of record via CM/ECF, which has been prepared based on appearances in the related cases. Counsel of record are requested to forward a copy of this order to other attorneys who should be notified of the conference.

*(c) Other Participants.* Persons who are not named as parties in this litigation but may later be joined as parties or are parties in related litigation pending in other federal and state courts are invited to attend in person or by counsel.

**2.  PURPOSES AND AGENDA.** The Conference will be held for the purposes specified in Federal Rule of Civil Procedure 16(a), 16(b), 16(c) and 26(f) and subject to the sanctions prescribed in rule 16(f).  A tentative agenda is listed below.  Counsel are encouraged to advise the Court as soon as possible of any items that should be added to the agenda.

--the appointment of interim class counsel;

--the appointment of liaison counsel;

--the briefing schedule for any motion to consolidate;

--the nature and potential dimensions of the litigation;

--the major procedural and substantive problems likely to be encountered;

and

--the procedures for efficient management.

3.  **PREPARATIONS FOR CONFERENCE.**

   *(a)  Procedures for Complex Litigation.*  Counsel are expected to familiarize themselves with the Manual for Complex Litigation, Fourth Edition ("MCL 4th") in advance of this conference, and to be prepared to suggest procedures that will facilitate expeditious, economical, and just resolution of this litigation.

   *(b)  Initial Conference of Counsel.*  Before the Conference, counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan under rule 26(f) and a suggested schedule under rule 16(b) for joinder of parties, amendment of pleadings, consideration of any class action allegations, discovery and motions.

   *(c)  Preliminary Reports.*  Counsel will submit to the Court by the close of business on **May 20, 2016**, a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues, as well as a separate list of all related cases pending in state or federal court, together with their current status, including discovery taken to date and pending motions, to the extent known. These statements will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party later in the proceedings.

   *(d)   List of Affiliated Companies and Counsel.* To assist the Court in identifying any problems of recusal or disqualification, counsel will submit to the Court by **May 20, 2016**, a list of all companies affiliated with the parties and all counsel associated in the litigation.

   *(e)  List of Pending Motions.* Counsel's statement shall list all pending motions.

   *(f)   List of Related Cases.* Counsel's statement shall list all related cases

pending in state or federal court and their current status, to the extent known.

*(g) Interim Measures.* Until otherwise ordered by the Court:

i. ***Admission of Counsel.*** Any attorney of record in any action transferred by the Panel may continue to represent his or her client in any district of the United States to which such action is transferred. Parties to any action transferred under 18 U. S. C. § 1047 are not required to obtain local counsel in the transferee district.

ii. ***Pleadings.*** Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set at the conference.

iii. ***Pending and New Discovery.*** Pending the conference, all outstanding disclosure and discovery proceedings are stayed and no further discovery shall be initiated. This order does not (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to the conduct of a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosures, responding to an outstanding discovery request under Federal Rule of Civil Procedure 33, 34, or 36; or (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under rule 33, 34, or 36. Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

iv. ***Preservation of Records.*** All parties and their counsel are reminded of

their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in the possession, custody, and control of parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, E-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks, statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation. Counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties, of this directive.

*(h) Motions.* No motion shall be filed under rule 11, 12, or 56 without leave of court and unless it includes a certificate that the movant has conferred with opposing counsel in a good-faith effort to resolve the matter without court action.

*(i) Orders of Transferor Courts.* All orders by transferor courts imposing dates for pleading or discovery are vacated.

*(j) Later Filed Cases.* This order shall also apply to related cases later filed in, removed to, or transferred to this court.

*(k) Applications for Lead and Liaison Counsel Appointments.* The Court intends to appoint plaintiffs' lead counsel and/or a plaintiffs' steering committee, as well as plaintiffs' liaison counsel. Applications for these positions must be filed with the clerk's office on or before **May 20, 2016.** The Court will only consider attorneys who have filed a civil action in this litigation. The main criteria for these appointments are (1) willingness and ability to commit to a time-consuming process; (2) ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner. Applications should also set forth attorney fee proposals, rates, and percentages that applicants expect to seek if the litigation succeeds in creating a common fund. The duties of lead and liaison counsel are enumerated in the MCL 4th Section 10.22.

4. **<u>CAPTION</u>**.

All orders, pleadings, motions, and other documents served or filed in MDL-695 shall bear the following caption:

| | |
|---|---|
| IN RE: SANTA FE NATURAL TOBACCO COMPANY MARKETING & SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Lead Case No. MD 16-2695 JB/LF |

*This Document Relates To ["All Actions" or specify by title and case number the individual applicable cases if the document relates to less than all of the consolidated cases]*

5. **<u>FILING AND SERVICE OF DOCUMENTS.</u>**

All counsel are required to register for and participate in this Court's CM/ECF filing system. This system gives each counsel immediate access to all electronically filed documents and obviates the need to make personal service on the individual parties. Unless otherwise ordered, all documents shall be filed electronically via the Court's CM/ECF system and must be filed in accordance with the United States District Court for the District of New Mexico's Local Rules.

The Court will serve all orders through the ECF system. Upon their appointment, Plaintiffs' lead and/or liaison counsel shall be responsible for providing copies of any order, pleading, motion, letter, or other document to any party/counsel who does not receive service of the order through the ECF system.

It is imperative that all filings shall be made to the lead case and then spread to the member case(s) if necessary.

6. **<u>DISCLOSURE REQUIREMENTS.</u>**

The parties are reminded of the disclosure requirements in rule 7.1 of the Federal Rules of Civil Procedure:

>    (a) Who Must File; Contents.
>
> A nongovernmental corporate party must file…a disclosure statement that:
>
>    (1) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or
>
>    (2) states that there is no such corporation.
>
> (b) Time to Filing; Supplemental Filing.
>
> A party must:
>
>    (1) file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the Court, and
>
>    (2) promptly file a supplemental statement if any required information changes.

The Court requires strict compliance with this rule, especially with the duty to update disclosures, to help it uncover and assess any potential conflicts of interest.

## 7. **OTHER PROVISIONS.**

The parties may not modify case management deadlines on their own. Good cause must be shown, and the Court's express and written approval obtained, for any modification of the dates in the scheduling order that issue from the JSR.

Initial disclosures under Federal Rule of Civil Procedure 26(a)(1) shall be made within fourteen (14) days of the meet-and-confer session.

At the Rule 16 scheduling conference, counsel will be prepared to discuss discovery needs (including electronic discovery) and scheduling, all claims and defenses, the use of scientific evidence and whether a *Daubert*[1] hearing is needed, initial disclosures, and the time of expert disclosures and reports under Federal Rule of Civil Procedure 26(a)(2). We will also discuss settlement prospects and alternative dispute resolution possibilities, and consideration of

---

[1] Daubert v. Merrell Dow Pharmaceuticals, 509 U. S. 579 (1993).

consent pursuant to 28 U.S.C. § 636(c).  The parties should also be prepared to discuss the location of the trial of <u>Haksal, et. al. v. Santa Fe Natural Tobacco Company, et al.</u>, No. CIV 15-1163 JB/LF; highest consideration will be given to the convenience of the counsel, witnesses, and parties.  The parties and Court will also discuss the jury pool if a jury trial is requested in the <u>Haksal</u> matter.  Client attendance is not required.

_____
UNITED STATES DISTRICT JUDGE